**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1342
_____

WAYNE B. MITTON,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-07399)
District Judge: Honorable Freda L. Wolfson

_____

Submitted under Third Circuit LAR 34.1(a)
on October 27, 2016

Before: FISHER, VANASKIE, and KRAUSE, *Circuit Judges*

(Opinion filed: November 28, 2016)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

        Before this Court is Wayne Mitton's appeal of the Order of the District Court,

affirming the final decision of the Commissioner of Social Security that denied him

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, we will affirm.

## I.    Background

Mitton fractured his right wrist in 2006 and was hospitalized due to suicidal thoughts and depression in 2008. Afterward, Mitton continued to experience physical and mental symptoms and to receive medical treatment, as detailed in the April 22, 2013 opinion of the Administrative Law Judge ("ALJ"). In April 2009, Mitton filed applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, alleging a disability onset date of June 6, 2008. Applying our five-step test pursuant to *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999), and relying on the testimony of a vocational expert who stated that Mitton could work as a mail clerk or as an inspector and hand packager, the ALJ found that Mitton was not disabled on June 6, 2008 or at any point after. Accordingly, Mitton's applications for Disability Insurance Benefits and Supplemental Security Income were denied.

Mitton requested review of the ALJ's decision in the District Court, which affirmed the Commissioner's disability determination. We are now called upon to review that affirmance by the District Court.

**II. Discussion**[1]

Two issues are presented by this appeal: (1) whether, in relying on the vocational expert's testimony to determine that Mitton was not disabled, the ALJ did not recognize and properly consider a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"), and (2) whether sufficient evidence supported the ALJ's ultimate disability determination. Our review is plenary over these legal issues, *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012), and we address both in turn.

First, we perceive no error in the ALJ's reliance on the vocational expert's testimony. The ALJ found, as required by Social Security Ruling 00-4p, that the testimony was consistent with the DOT, and the ALJ thereby fulfilled his responsibility to address and to resolve any possible conflict. *See* SSR 00-4p, 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000). Although there is an argument that the vocational expert's testimony conflicted with the DOT listings for "mail clerk" and for "inspector and hand packager," that argument rests on inaccurately characterizing the DOT listings as requiring frequent handling with both hands. The listings impose no such bilateral requirement. *See* Emp't & Training Admin., U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 209.687-026 (4th ed. 1991), 1991 WL 671813 ("mail clerk"); *id.* § 559.687-074, 1991 WL 683797 ("inspector and hand packager"); *accord Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). For that reason, despite acknowledging that

---

[1] The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

Mitton had only occasional grasping and holding capabilities in one of his hands, the vocational expert stated that Mitton could work as a mail clerk, or as an inspector and hand packager, by using his unaffected hand more frequently. Because that statement does not conflict with the relevant DOT listings, the ALJ's reliance on the vocational expert's testimony was permissible.

Second, we conclude substantial evidence supported the ALJ's ultimate disability determination. We apply the same standard of review as the District Court to assess whether the ALJ's disability determination is supported by substantial evidence, *see* 42 U.S.C. § 405(g); *Hagans*, 694 F.3d at 292. Substantial evidence "is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503 (3d Cir. 2009) (quoting *Plummer*, 186 F.3d at 427). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Hagans*, 694 F.3d at 292 (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

Here, substantial evidence supported the ALJ's determination that Mitton was not disabled. As the ALJ observed in his opinion, Mitton testified that he regularly performed a wide array of indoor and outdoor household chores, such as making his bed, loading the dishwasher, taking out the garbage, mowing the lawn, and taking care of the pool. Mitton even testified that he had no difficulty with fine manipulation, such as when tying his shoes. Given this record, substantial evidence supported the ALJ's conclusion

4

that Mitton could work as a mail clerk or as an inspector and hand packager and, thus, that he was not disabled.

## III. Conclusion

For the foregoing reasons, the District Court did not err in affirming the Commissioner's denial of Mitton's applications for Disability Insurance Benefits and Supplemental Security Income, and we will affirm the judgment of the District Court.